IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BELDEN TECHNOLOGIES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 08-823-SLR ) |
| LS CORP., LS CABLE LTD., AND LS CABLE AMERICA, INC., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 14th day of July, 2010, having reviewed plaintiff's motion for leave to file a surreply in opposition to defendants LS Cable Ltd. ("LS Korea") and LS Cable America, Inc.'s ("LS America") (collectively, "defendants") renewed motion to dismiss for lack of personal jurisdiction and improper venue;

IT IS ORDERED that said motion is granted for the reasons that follow:

**1.** Previously, defendants claimed in their reply brief that "LS Korea has **never** offered a warranty in the United States, much less Delaware." (D.I. 63 at 13) In addition, while defendants admitted that LS America has provided product warranties, they asserted that such warranties were never provided to end-users located in Delaware. (*Id.* at 14) Since then, defendants have produced new documents that are allegedly inconsistent with their previous representations. (D.I. 72 at ¶¶ 5, 6)

**2.** The new documents, produced on February 19, 2010, include at least two actual warranties and an email, all of which purport to show that both LS Korea and LS

America provided product warranties to end-users in Delaware. (*Id.*, ex. 1-3) Whereas defendants had previously produced an unsigned warranty "**draft**" during jurisdictional discovery (D.I. 61, ex. 34; D.I. 63 at 13-14; D.I. 64 at ¶ 6), the new documents allegedly demonstrate that defendants marketed and provided **actual** warranties. (D.I. 62 at ¶ 4)

3. Accordingly, on February 24, 2010, plaintiff properly moved, pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, for leave to file a surreply "to address new evidence that LS America has just now produced for the first time [regarding defendants' warranties] . . . , more than a month after all briefing on the pending jurisdictional motion was completed." (D.I. 72 at 1) Plaintiff argues that such warranties are relevant in jurisdictional analysis and should be fully considered by the court. (*Id.* at 1-2) In their response to plaintiff's motion for leave to file a surreply, defendants do not contest the documents' authenticity or factual validity, only their legal relevance and connection to Delaware. (D.I. 74 at 2-6)

4. In light of the newly produced documents, plaintiff did not have a full opportunity in their response brief (D.I. 60) to address how the warranties would support proper jurisdiction of defendants in Delaware. Moreover, the argument regarding such warranties in plaintiff's present motion was previously raised in plaintiff's response brief. (D.I. 60 at 33-34) Therefore, plaintiff's motion does not improperly raise any belated issues that defendants did not already have an opportunity to address. *See Choma v. Blue Cross Blue Shield of Delaware*, 2008 WL 4276546, at *15 (D. Del. 2008); *Chambers v. Doe*, 453 F. Supp. 2d 858, 861 n.3 (D. Del. 2006).

IT IS FURTHER ORDERED that:

**5.** On or before **July 26, 2010**, plaintiff shall submit its surreply, not to exceed five (5) pages.

**6.** Plaintiff's surreply shall be limited only to a discussion of the recently produced warranties.

**7.** The court shall hear oral argument on the pending motion on **August 4, 2010 commencing at 4:00 p.m.**, in courtroom 6B on the 6th Floor, J. Caleb Boggs Federal Building, 844 King Street, Wilmington, Delaware. The court shall set aside one hour for argument, to be evenly shared between plaintiff and defendants.

                                                */s/ Sue L. Robinson*
                                          United States District Judge